IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 1421 |
| | ) |
| TIMOTHY FERRISS, and | ) |
| RANDOM HOUSE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Mario Aliano's (Aliano) motion to remand. For the reasons stated below, the motion to remand is granted.

## BACKGROUND

Aliano brought an action in Illinois state court on behalf of himself and others who purchased a book (Book) written by Defendant Timothy Ferriss (Ferriss) and published and distributed by Defendant Random House, Inc. Ferriss allegedly represented on his website (Website) that purchasers of the Book could learn certain skills, such as how to increase fat-loss by 300% with a few bags of ice. In addition,

1

both the Book and the Website allegedly indicated that there is bonus material (Bonus Material) that is included with the purchase of the Book and that purchasers could access the Bonus Material on the internet by finding hidden passwords in the Book. Aliano contends however, that the Bonus Material did not actually exist and that the links provided to access the supposed Bonus Material did not work. Aliano contends that purchasers of the Book bought the Book relying on misrepresentations by Defendants that the Bonus Material would be made available with the purchase of the Book. Aliano includes in his complaint class allegations, a breach of express warranty claim (Count I), claims alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*, and comparable acts in other states (Count II), claims alleging violations of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* (Count III), and an unjust enrichment claim (Count IV). Defendants removed the instant action to federal court under Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). Aliano now moves to remand the instant action back to state court.

**LEGAL STANDARD**

A party can file a motion to remand an action back to state court based on lack of subject matter jurisdiction. *See Chase v. Shop "N Save Warehouse Foods, Inc.*,

110 F.3d 424, 427 (7th Cir. 1997). Pursuant to 28 U.S.C. § 1447(c), after a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

The party that removed the action bears the burden of showing that the federal court has subject matter jurisdiction. *See Spivey v. Vertrue, Inc.* 528 F.3d 982, 986 (7th Cir. 2008)(stating in action removed under CAFA, that "[t]he removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million"); *Shop "N Save*, 110 F.3d at 427 (stating that "[a]s the party seeking to invoke federal diversity jurisdiction, [the defendant] bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met"). The removing party must show that the amount in controversy requirement was satisfied at the time of removal. *See Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000)(stating that "as the party seeking to invoke federal diversity jurisdiction, [the defendant] bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal").

**DISCUSSION**

I. Filing of Proposed Amended Complaint

Defendants argue that the court should not consider the proposed amended complaint filed by Aliano after this case was removed since the pertinent inquiry is whether the amount in controversy requirement was met at the time of removal. The instant action was removed on March 1, 2011. On March 2, 2011, Defendants filed a motion to dismiss arguing that Aliano had failed to state a valid claim for relief and on March 23, 2011, Aliano filed a proposed amended complaint. Aliano then filed the instant motion to remand and the court struck as moot the proposed amended complaint and the motion to dismiss.

The Seventh Circuit has indicated that the general rule is that post-removal amendments to complaints are not considered when assessing whether a court has subject matter jurisdiction. *See, e.g., Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)(stating that "post-removal events-even an irrevocable promise not to accept more than the jurisdictional minimum-do not authorize remand of a suit that was within federal jurisdiction when removed"); *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)(stating that "[t]here [was]. . .a reasonable probability that the amount in controversy at the time of removal exceeded $75,000" and the plaintiff's "original complaint, filed at the time of

removal (not the subsequent amended complaint), is considered for jurisdictional purposes"); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)(indicating that "a post-removal amendment to the complaint limiting the plaintiff's claim does not authorize a remand" and "[b]ecause jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint").

However, the Seventh Circuit has indicated that there are certain exceptions to the general rule that the amount in controversy is not assessed by considering an amended complaint filed after a case begins in federal court. In *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010), the Seventh Circuit explained that "[t]here are . . . exceptions to the principle that once jurisdiction, always jurisdiction, notably where a case becomes moot in the course of the litigation." *Id.* at 807. Defendants argue that Aliano cannot simply amend his complaint to maneuver this action back to state court. However, it was Defendants' actions that reduced the amount in controversy in this case. It is not disputed that after the filing of the original complaint by Aliano, and prior to the removal of this case by Defendants, Defendants made the Bonus Material available for free to the public. Such actions by Defendants rendered moot a significant portion of the request by Aliano for injunctive relief. The request in the original complaint to make

5

available the Bonus Material was rendered moot. In addition, since the Bonus Material is now available, the purchasers of the Book are able to obtain all of the product that their purchase price covered and there is no justification to seek a recall of the Book. Thus, the proposed amended complaint is properly considered for the amount in controversy assessment since the proposed amended complaint merely reflects the injunctive relief that has not been rendered moot by Defendants' actions.

II. Amount in Controversy

Aliano contends that the CAFA $5,000,000 amount in controversy requirement is not met in this case. CAFA provides the following:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). Defendants argue that the injunctive relief sought by Aliano in his original complaint is sufficient to satisfy the amount in controversy requirement. The costs that a defendant must "incur[] in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry. . . ." *Tropp*, 381 F.3d at

595. Defendants have provided with their response to the instant motion a declaration from Kristine Constable (Constable), a Senior Vice President, Publisher for Crown Archetype, an imprint of Random House, Inc. Defendants also previously attached a declaration of Constable to the notice of removal. Constable indicates that she has personal knowledge of the mechanics involved in publishing and distributing books by Random House, Inc. and specifically the Book written by Ferriss. (Mot. Const. Decl. Par. 2). Constable asserts that as of January 2011, approximately 250,000 copies of the Book had been sold. (Rem. Conts. Decl. Par. 3). Constable asserts that based on her experience she expects that in excess of 600,000 copies of the Book will be sold. (Mot. Const. Decl. Par. 4). Constable contends that based on the significant volume of the sales of the Book, a recall of the Book would involve a diversion of personnel, shipping costs, refunds, and national advertising to notify consumers of the recall and would cost Defendants in excess of $6,500,000. (Mot. Const. Decl. Par. 6). The court notes that the estimated sales by Constable is purely speculative and is not supported by any evidence. Also, as explained above, the request for a recall of the Book is now moot. Constable does not provide any details concerning the financial costs for the other injunctive relief sought in the original complaint or proposed amended complaint such as for an accounting. Although Defendants contend that the amount in controversy requirement is met based upon

the injunctive relief sought by Aliano, Defendants have not provided any evidence to show that the remaining injunctive relief is sufficient to satisfy the amount in controversy requirement under CAFA.

The Seventh Circuit recently stated in *Back Doctors Ltd.*, a CAFA case, if a defendant removing an action to federal court under CAFA makes a "good-faith estimate" of the amount in controversy, "[i]f that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible." 637 F.3d at 831. This is not a case where a plaintiff is attempting to defeat removal. This is a case where defendants, by their own actions prior to removal, have nullified subject matter jurisdiction in the federal courts. Defendants' actions have rendered moot much of the injunctive relief originally sought by Aliano and Defendants have not made a good-faith estimate showing that the CAFA amount in controversy requirement is met. The declarations by Constable do not provide any basis to estimate a cost in regard to the remaining injunctive relief sought in this case. In addition, Defendants have already argued to the court in their memorandum in support of their motion to dismiss in this case that "[b]ecause the 'Bonus Material' has already been posted, no meaningful relief can be granted" and that "[b]ecause Plaintiff's claims are moot, further amendment would be futile and the entire action should be dismissed with

8

prejudice." (Mem. Dis. 9). If Defendants contend that the injunctive relief is moot to such an extent that this action be dismissed, then Defendants cannot in good-faith also take the position that there is such significant injunctive relief remaining alive in this case that the CAFA $5,000,000 amount in controversy requirement is met.

Defendants also argue that if the CAFA $5,000,000 amount in controversy requirement is not met, then it is met under the general diversity requirements of 28 U.S.C. § 1332(a). Defendants contend that the amount in controversy in regard to Aliano individually is in excess of $75,000. However, as indicated above, Defendants have already taken the position in this case that the injunctive relief sought by Aliano is moot to such an extent that this action should be dismissed. In addition, Defendants have not provided any support to substantiate their position that the limited injunctive relief sought in the proposed amended complaint would result in the amount in controversy requirement being satisfied for Aliano individually. It is preposterous for Defendants to claim that the damages and costs associated with the injunctive relief for the single purchase of a Book costing approximately $27 would be in excess of $75,000. Therefore, the amount in controversy requirement is not met in the instant action and the motion to remand is granted.

## CONCLUSION

Based on the foregoing analysis, the motion to remand is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 1, 2011